UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PANACEA FINANCIAL,

Plaintiff,

v.

TALLIED TECHNOLOGIES, INC.,

Defendant.

Case No.  25-cv-03194-JST   (LJC)

**ORDER RESOLVING JOINT DISCOVERY LETTER AND ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

Re: Dkt. Nos. 52, 53

### A.    Introduction

The parties in this trade secrets case have filed a joint discovery letter brief regarding: (1) Plaintiff Panacea Financial's responses to Defendant Tallied Technologies, Inc.'s interrogatories; and (2) Tallied's responses to Panacea's requests for production.  ECF No. 52. The Court presumes the parties' familiarity with the joint letter, the record, and relevant background principles of civil discovery in federal court.  *E.g.*, Fed. R. Civ. P. 26(b)(1).  Having reviewed the parties' arguments and the record of the case, the Court resolves the joint letter and accompanying administrative motion to file under seal as follows.

### B.    Tallied's Interrogatories and Panacea's Responses

Tallied seeks further responses to Interrogatory Nos. 1 through 4 and Interrogatory No. 7. ECF No. 52 at 6.  Summarized at a high level, those interrogatories generally call for Panacea to identify the trade secrets at issue in this case.  *See* ECF No. 52-1 at 3–5, 8.  Panacea responded by, for the most, describing *types* of information that it considers trade secrets, but not the actual confidential information at issue.  *See, e.g.*, *id.* at 4 ("During these calls, Ms. Doherty shared detailed information about the ADA's credit card program, the upcoming RFP, and the ADA's 'wish list' in terms of items, features, pricing goals and future campaigns that would be desirable

for the ADA."); *id.* at 5 ("The model was based on aspects of confidential items obtained by Panacea from the ADA, namely spend information, net charge off information, active card user volume, distribution of cards by card type, current and historical ADA card loyalty data, and a comprehensive ADA wish list for credit card rewards which was, on information and belief, only communicated to Panacea.").

Panacea asserts (among other claims) a claim in this case under the Delaware Uniform Trade Secrets Act (DUTSA).  Compl. (ECF No. 1) ¶¶ 89–94; *see also* ECF No. 38 at 5–10 (denying Tallied's motion to dismiss that claim).  Tallied asserts, and Panacea does not dispute, that Delaware common law requires a plaintiff in a trade secrets case to identify the trade secrets at issue before taking discovery that includes a defendant's confidential information.  ECF No. 52 at 4.

> Where, as here, a plaintiff in a trade secret case seeks to discover the trade secrets and confidential proprietary information of its adversary, the plaintiff will normally be required first to identify with reasonable particularity the matter which it claims constitutes a trade secret, before it will be allowed (given a proper showing of need) to compel discovery of its adversary's trade secrets.

*Engelhard Corp. v. Savin Corp.*, 505 A.2d 30, 33 (Del. Ch. 1986).

The California Code of Civil Procedure includes a comparable mandate for claims under California's version of the Uniform Trade Secrets Act, requiring that "before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity."  Cal. Civ. Proc. Code § 2019.210.  The Ninth Circuit has recognized that "[f]ederal courts have applied [that] state provision in federal cases." *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 658 (9th Cir. 2020).  The district court decision that the Ninth Circuit cited with approval for that proposition explained that the state law applies under the *Erie* doctrine because it does not conflict with any federal rule and applying it in federal court reduces incentives for forum shopping.  *Soc. Apps, LLC v. Zynga, Inc.*, No. 4:11-cv-04910 YGR, 2012 WL 2203063, at *1–2 (N.D. Cal. June 14, 2012).  This Court discerns no reason why any different approach is appropriate for the Delaware doctrine on which Tallied relies.

Panacea relies on this Court's decision in *Auris Health, Inc. v. Noah Med. Corp.*, No. 22-cv-08073-AMO (LJC), 2023 WL 5959427, at *4–6 (N.D. Cal. Sept. 12, 2023), where the Court deferred more detailed responses to "contention interrogatories" regarding the nature of trade secrets at issue until later in discovery. There, however, the plaintiffs had already disclosed confidential information identifying the substance of their alleged trade secrets, in part through reference to confidential documents produced in discovery. *See Auris*, No. 22-cv-0803-AMO, ECF No. 73 at 4–5 (N.D. Cal. June 23, 2023) (joint letter addressing material filed under seal). In any event, *Auris* involved only claims under the federal Defense of Trade Secrets Act, which does not include as clear a requirement for pre-discovery identification of trade secrets as either California Civil Procedure Code section 2019.210 or the Delaware doctrine on which Tallied relies here, and the Court construed the interrogatories at issue as seeking *more* detail than would be required even if section 2019.210 applied. *See People Ctr., Inc. v. Deel, Inc.*, No. 25-cv-02576-CRB (LJC), 2025 WL 3124079, at *3 (N.D. Cal. Nov. 7, 2025) (discussing *Auris*).

Panacea does not dispute that it seeks discovery that may include Tallied's "trade secrets and confidential proprietary information." *See Engelhard*, 505 A.2d at 33. Instead, Panacea contends that its requests for production "do[] not require Tallied to produce information which is irrelevant." ECF No. 52 at 3. But under Delaware law, as a plaintiff pursuing a trade secret claim, Panacea must identify its trade secrets at issue with reasonable particularity before pursuing even relevant discovery of its adversary's confidential information. Panacea's references to broad *categories* of purported trade secrets, like "detailed information about the ADA's credit card program," ECF No. 52-1 at 4, do not meet that standard. Panacea must identify its *actual* trade secrets at issue before the Cout will require Tallied to produce documents in response to the requests for production for which Tallied objected and has not already agreed to comply.

Panacea is ORDERED to serve amended responses to Tallied's Interrogatory Nos. 1 through 4 and Interrogatory No. 7 no later than two weeks from the date of this Order.

### C.      Panacea's Requests for Production and Tallied's Responses

Panacea apparently seeks to compel production by Tallied in response to all twenty-five of Panacea's requests for production of documents. *See* ECF No. 52 at 2–4; ECF No. 52-1 at 9–25.

Tallied "requests an order staging discovery such that production by Tallied of documents and discovery responses containing confidential and/or trade secret information is triggered only after Panacea provides a full and particular identification of its alleged trade secrets as required by Delaware law." ECF No. 52 at 6. It is not clear from the parties' joint letter whether Tallied has yet produced any documents in response to those requests. The Court understands Panacea's portion of the letter as suggesting that Tallied has not produced any such documents.

As Panacea notes, Tallied has *agreed* to produce documents in response to some of Panacea's requests for production:

- In response to Request No. 2, Tallied agreed to "produce all documents reflecting communications or other exchanges between Tallied and Panacea from January 1, 2024 to the present." ECF No. 52-1 at 10.

- In response to Request No. 6, Tallied agreed to "produce the ADA RFP issued on or about June 14, 2024 as well as documents sufficient to show its receipt thereof." *Id.* at 13.

- In response to Request No. 22, Tallied agreed to "produce non-privileged documents that are publicly available and that constitute press releases issued by the ADA, Tallied or FinWise Bancorp related to the Tallied-ADA co-branded credit card program." *Id.* at 23.

- In response to Request No. 23, Tallied agreed to "produce documents sufficient to show its revenue, gross profit, and net profit resulting from the ADA co-branded credit card program," but only "at an appropriate time after Panacea identifies its alleged confidential information and trade secrets with particularity." *Id.* at 23–34.

- In response to Request No. 24, Tallied agreed to "produce documents sufficient to show that Tallied communicated with Summit Path Partners prior to signing a non-disclosure agreement with Panacea." *Id.* at 24.

In response to Request No. 25, seeking documents identified in Tallied's interrogatory responses, Tallied agreed to "comply with its obligations under Fed. R. Civ. P. 33 and 34," without stating what such compliance would entail. *Id.* at 25. For all other requests for

4

production, Tallied agreed only "to meet and confer with Panacea . . . at an appropriate time after Panacea's identification of the information underlying its claims and its compliance with its obligation under Delaware law to identify its alleged confidential information and trade secrets with particularity." *See, e.g.*, *id.* at 10 (response to Request No. 1).

As a general rule in federal civil discovery, "discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d)(3)(B). The Federal Rules of Civil Procedure thus "do not authorize one party to withhold discoverable material in retaliation for the opposing party's withholding of discoverable material." *Infanzon v. Allstate Ins. Co.*, 335 F.R.D. 305, 312 (C.D. Cal. 2020) (quoting *Lumbermens Mut. Cas. Ins. Co. v. Maffei*, No. 3:03–cv–262 JWS, 2006 WL 2709835, *5 n.21 (D. Alaska Sept. 20, 2006)), *aff'd,* No. 22-56070, 2024 WL 3631140 (9th Cir. Aug. 2, 2024).

Here, to the extent Tallied has asserted a need to tailor its production to Panacea's trade secrets, those objections (whatever their merit may be) are best addressed after Panacea has identified its trade secrets through the further interrogatory responses ordered above, as required by Delaware law. For Request Nos. 2, 6, 22, 23, and 24, however, Tallied has already agreed to produce documents, and it has not limited those agreed productions in any manner that depends on the nature of the trade secrets that Panacea might identify. To the extent Tallied has withheld those documents, it appears to have done so solely as leverage to extract information from Panacea, or at least to avoid the cost of review and production until Panacea complies with its obligations. Such withholding of an already agreed production is not permitted by Rule 26(d)(3)(B).

Accordingly, Tallied is ORDERED to produce what it has already agreed to provide in response to Request Nos. 2, 6, 22, 23, and 24 no later than two weeks from the date of this Order.

### D.    Administrative Motion to File Under Seal

Panacea filed an administrative motion to file portions of its interrogatory responses under seal. ECF No. 53. Whether intentionally or not, however, the parties have already filed Panacea's entire interrogatory responses at issue unredacted in the public record, and Panacea has taken no action to protect that information in the weeks since it was filed. ECF No. 52-1 at 2–8. Even if

United States District Court
Northern District of California

that were not so, Panacea has not shown a particularized risk of harm if this information were disclosed, because its responses discuss the material at issue only in general terms, without revealing the substance of any information that would allow Panacea's "competitors and counterparts [to] gain an unfair competitive advantage in the market." *Cf.* ECF No. 53-1 at 2, ¶ 5 (providing only a conclusory assertion of the risk of such harm). Panacea thus has not met the standard of "good cause" to seal documents filed in connection with a discovery dispute that is no more than tangentially related to the merits of the case.

Panacea's administrative motion to file under seal is DENIED. Because the document at issue has already been filed publicly, no further action is necessary with respect to that motion.

### E.    Conclusion

For the reasons discussed above, Panacea is ORDERED to serve supplemental responses to Tallied's Interrogatory Nos. 1 through 4 and Interrogatory No. 7 no later than two weeks from the date of this Order. Tallied is ORDERED to produce what it has already agreed to provide in response to Panacea's Request for Production Nos. 2, 6, 22, 23, and 24 no later than two weeks from the date of this Order.

To the extent the parties seek further relief through this joint letter, such relief is DENIED WITHOUT PREJUDICE. The parties are ORDERED to meet and confer in person or by videoconference no later than three weeks from the date of this Order as to any remaining disputes regarding the interrogatories and requests for production addressed in this joint letter. If further disputes remain, the parties shall file a joint status report identifying the remaining dispute no later than April 14, 2026, and lead counsel for both parties shall appear in person in Courtroom G at 9:30 AM on April 16, 2026 to continue to meet and confer for as long as is needed to resolve those disputes. The Court may be available intermittently that day to assist with the parties discussions or to resolve narrow and intractable disputes.

Panacea's administrative motion to file under seal is denied for the reasons stated above.

**IT IS SO ORDERED.**

Dated: March 18, 2026

United States District Court
Northern District of California

LISA J. CISNEROS
United States Magistrate Judge